NO. 07-08-0336-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 29, 2009

_____

BRYAN THOMAS BLEVINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4301; HONORABLE STEVEN EMMERT, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Bryan Thomas Blevins, was convicted by

a jury of aggravated sexual assault of a child. Punishment was assessed by the trial court

at confinement for life.[1]  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a

---

[1]*See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2008).  The offense of aggravated sexual assault of a child is a first degree felony punishable by confinement in the Institutional Division of the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years, and by a fine not to exceed $10,000. While the *Judgment* reflects that the trial court found the 1st enhancement to be "True" the record does not reflect whether the indictment in fact contained an enhancement paragraph.  Furthermore, the reporter's record of the punishment proceeding reflects that Appellant was not asked to enter a plea as to any enhancement paragraph.  Because the punishment assessed falls within the range of punishment provided by law, and because this scrivener's error may be corrected by the entry of a judgment *nunc pro tunc*, without appeal, we find this issue does not present a potentially plausible basis to support an appeal.

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. The State filed a letter acknowledging the *Anders* brief.

By the *Anders* brief, counsel raises four possible points of error and then demonstrates why no reversible error exists. Counsel's points are: (1) the trial court erred by denying Appellant's motion to suppress; (2) the trial court erred by allowing outcry testimony of Victoria Hansen, an investigator for Child Protective Services; (3) the trial court erred by allowing expert witness testimony of Dr. William E. Hoke; and (4) the evidence was factually insufficient to support the verdict.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues.[4] *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record

---

[3]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

[4]*See* n. 1, supra.

and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.